IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPECTRUM BRANDS, INC.,

                        Plaintiff,

    v.                                                                                 OPINION & ORDER

I&J APPAREL, LLC, and                                                  16-cv-741-jdp
JOHN DOES 1 - 10,

                        Defendants.

---

Plaintiff Spectrum Brands, Inc. is a consumer products company, and among its many products are pet de-shedding tools sold under the FURMINATOR brand. Spectrum Brands contends that defendants I&J Apparel, LLC and John Does 1-10 sold counterfeit FURMINATOR de-shedding tools. I&J Apparel failed to respond to Spectrum Brands' complaint, and the clerk of court entered default against I&J Apparel. Spectrum Brands moves for default judgment against I&J Apparel, seeking damages, injunctive relief, attorney fees, and costs. Dkt. 13.

The court concludes that I&J Apparel is liable for four counts of trademark infringement and eight counts of copyright infringement. This order will: dismiss the Doe defendants; enjoin I&J Apparel from further infringing Spectrum Brands' trademarks and copyrights; and award statutory damages, attorney fees, and costs. The court will close the case, although Spectrum Brands may reopen the case for good cause.

BACKGROUND

The court draws the following facts from Spectrum Brands' complaint, default judgment submissions, and representations made to the court during the default hearing.

Spectrum Brands sells de-shedding tools for pets using four trademarks and eight copyrighted works. The four trademarks at issue are Spectrum Brands' FURMINATOR mark, STYLIZED FURMINATOR mark, FUREJECTOR mark, and STYLIZED PAW mark. Dkts. 1-3 to Dkt. 1-6. The artworks on the packaging constitute the eight copyrighted works at issue. Dkts. 1-7 to Dkt. 1-14. Each of marks and works is registered with either the United States Trademark Office or the Copyright Office as appropriate.

I&J Apparel sold counterfeit FURMINATOR de-shedding tools through various online stores. John Does 1-10 are manufacturers, resellers, and distributors of the counterfeits. Although counsel for Spectrum Brands has had some communication with counsel for I&J Apparel, I&J Apparel has failed to answer or otherwise respond to the complaint.

Spectrum Brands' motion for default judgment does not address its claims against the Doe defendants. During the default hearing, Spectrum Brands indicated that it would dismiss all claims against the Does without prejudice, thereby allowing the court to close the case.

Spectrum Brands has adequately shown that I&J Apparel's infringement is willful. Spectrum Brands filed complaints with Amazon.com, indicating that I&J Apparel was selling counterfeits, and Amazon.com removed I&J Apparel's product listings from the website. Amazon.com's de-listing of I&J Apparel's products prompted I&J Apparel to confer with Spectrum Brands. I&J Apparel conceded that it sold counterfeits and offered to cooperate with Spectrum Brands. *See* Dkt. 11-6 and Dkt. 11-10. But I&J Apparel continued to sell counterfeits at eBay.com and Walmart.com. Dkt. 11, ¶¶ 21-23.

ANALYSIS

Spectrum Brands asserts five sets of claims against all defendants: (1) trademark infringement claims under the Lanham Act; (2) trademark infringement claims under common law; (3) copyright infringement claims under the Copyright Act; (4) unfair competition claims under the Lanham Act; and (5) unfair competition claims under common law. Dkt. 1, ¶¶ 52-83. Spectrum Brands moves for default judgment on its claims against I&J Apparel. Spectrum Brands asks for a permanent injunction, statutory damages, attorney fees, and costs. Spectrum Brands also requests post-judgment discovery and asks the court to retain jurisdiction for the purposes of enforcing the judgment. Dkt. 13-1, ¶¶ 7-8.

**A. John Does 1-10**

During the hearing, Spectrum Brands informed the court that it would agree to dismiss its claims against the Doe defendants without prejudice. The court will do so.

**B. Default judgment against I&J Apparel**

A default proceeding has two steps: "the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also* Fed. R. Civ. P. 55. An entry of default establishes a defendant's liability, and "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)). The second step, an entry of default judgment, establishes whether a plaintiff is entitled to damages and injunctive relief. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, the clerk of court entered default as to I&J Apparel, Dkt. 8, so I&J Apparel's liability is established. The remaining question is whether Spectrum Brands is entitled to the relief it seeks. The relief requested is based on Spectrum Brands' federal trademark infringement and copyright infringement claims. Dkt. 13-1, ¶¶ 2-6.

## C. Permanent injunction

A district court must explain its reasons in every order that grants an injunctive relief. Fed. R. Civ. P. 65(d)(1); *e360 Insight*, 500 F.3d at 604. A party seeking a permanent injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Spectrum Brands has made a satisfactory showing, and the court will grant permanent injunctions against I&J Apparel's further infringement of Spectrum Brands' trademarks or copyrights. Loss of goodwill for a trademark holder is "irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001). And Spectrum Brands has shown that I&J Apparel continues to sell counterfeit products, and "a threat of continuing [copyright] infringement" warrants a permanent injunction. *Microsoft Corp. v. Logical Choice Comput., Inc.*, No. 99-cv-1300, 2001 WL 58950, at *12 (N.D. Ill. Jan. 22, 2001) (quoting *Universal City Studios v. Sony Corp. of Am.*, 659 F.2d 963, 976 (9th Cir. 1981)). As demonstrated at the hearing, the counterfeit products are inferior, thus posing a risk of tarnishing the reputation of Spectrum Brands' legitimate products. Any potential harm to I&J Apparel will not outweigh Spectrum Brands' harm because

I&J Apparel will be enjoined from selling only infringing products. The permanent injunctions will serve the public interest because "the public . . . has an interest in knowing with whom they do business." *Re/Max N. Cent.*, 272 F.3d at 433.

**D. Statutory damages**

A plaintiff must prove its damages even after entry of default. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). And a district court need not grant the damages amount requested by a plaintiff. *See Coach, Inc. v. 3D Designers Inspirations*, 70 F. Supp. 3d 942, 949 (C.D. Ill. 2014). Here, Spectrum Brands elects to recover statutory damages, as opposed to actual damages, for trademark and copyright infringement claims. Spectrum Brands requests $50,000 for each of the four infringed trademarks and $30,000 for each of the eight infringed works, for a total of $440,000.

As for the trademark infringement claims, the court will grant the full amount requested by Spectrum Brands. Under the Lanham Act, a plaintiff who prevails on a trademark claim by showing that a defendant sold counterfeits may recover between $1,000 and $200,000 for each infringed mark. 15 U.S.C. § 1117(c). For a willful infringement, a plaintiff may recover up to $2,000,000 for each mark. In this case, I&J Apparel willfully infringed Spectrum Brands' marks: even after acknowledging that it sold counterfeits of Spectrum Brands' products on Amazon.com, I&J Apparel continued to sell counterfeits at other online stores. Thus, the court may grant Spectrum Brands a damages award that ranges from $1,000 to $2,000,000 for each mark.

To determine the damages for a trademark infringement claim, a district court may consider seven non-exclusive factors: "(1) the defendant's expenses saved and profits reaped; (2) the plaintiff's lost revenue; (3) the value of the trademark; (4) general deterrence; (5) the

willfulness of the defendant's conduct; (6) the defendant's cooperation in providing records from which to determine the value of the infringing products; and (7) specific deterrence of the defendant." *Coach, Inc.*, 70 F. Supp. 3d at 947 (citing *Coach, Inc. v. Pure MLK Last Stop, Inc.*, No. 12-cv-2254, 2013 WL 5888139, at *2 (C.D. Ill. Nov. 4, 2013)). The court may also look to similar cases involving similar trademarks. *See id*.

This case presents essentially the same set of facts as those in *United Pet Grp., Inc. v. Mogylevets*, which involved three similar FURMINATOR marks and de-shedding tools, No. 13-cv-1053, 2014 WL 3767861 (E.D. Mo. July 31, 2014). The differences between *United Pet Grp*. and this case are inconsequential. The presence of the fourth trademark in this case does not affect the damages analysis. And, as it was the case in *United Pet Grp*., the court cannot fully assess the profits, expenses saved, or lost revenue here because such information is unavailable due to I&J Apparel's failure to appear. The plaintiff in *United Pet Grp*. was awarded $50,000 for each infringed mark. Because that award is based on a reasonable analysis, the court will award the same amount per mark here. That results in a total award of statutory trademark damages of $200,000.

As for the copyright infringement claims, the court will award $10,000 for each infringed work, substantially less than the $30,000 amount requested by Spectrum Brands. Under the Copyright Act, a plaintiff who prevails on a copyright infringement claim may recover between $750 and $30,000 for each work. 17 U.S.C. § 504(c). For a willful infringement, the maximum amount rises to $150,000 for each work. *Id*.; *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003). The court finds that I&J Apparel willfully infringed Spectrum Brands' copyrighted works for the same reason for finding that &J Apparel willfully infringed Spectrum Brands' trademarks: I&J Apparel continued to

sell counterfeits knowing that they infringe Spectrum Brands' copyrights. Thus, the court may grant Spectrum Brands a damages award that ranges from $750 to $150,000 for each infringed work.

When evaluating statutory damages for copyright infringement, a district court is "not required to follow any rigid formula." *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). But courts have articulated varying lists of discretionary factors. For example, the court may consider the seven factors listed above for statutory damages for trademark infringement, which were actually borrowed from copyright infringement cases. *Coach, Inc.*, 70 F. Supp. 3d at 947. The court may also consider "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *White v. Marshall*, 771 F. Supp. 2d 952, 956 (E.D. Wis. 2011) (quoting *Chi–Boy Music*, 930 F.2d at 1229). And the court may consider the relative commercial value of the infringed works. *See Id*. at 957.

Spectrum Brands argues that that the court should assess the damages for trademark and copyright infringement claims separately. A plaintiff can recover damages under both the Lanham Act and the Copyright Act for the same infringing acts.[1] But this does not mean that the damages award for one is entirely irrelevant to the other. The statutory damages in *United Pet Grp.*, which the court adopts as noted above, relied on the seven factors borrowed from copyright infringement cases. *Compare United Pet Grp.*, 2014 WL 3767861, at *3, with *Coach*,

---

[1] *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) ("Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both."); *Microsoft Corp.*, 2001 WL 58950, at *11 ("Where, as here, defendants violate both the Lanham Act and the Copyright Act, the plaintiff is entitled to recover under both statutes.").

70 F. Supp. 3d at 947. Some of those factors, such as the general deterrence, willfulness of the defendant's conduct, and the defendant's cooperation, clearly overlap, so granting two separate damages awards under the same analytical framework would result in dual recovery. A district court's damages award must avoid "a windfall to a prevailing plaintiff." *Coach, Inc. v. Treasure Box, Inc.*, No. 11-cv-468, 2014 WL 888902, at *4 (N.D. Ind. Mar. 6, 2014). Besides, the court should award statutory damages that represent at least "some approximation of actual damages." *Id*. at *4.

Spectrum Brands asks for $30,000 for each of the eight works, but the court will award $10,000 for each work. The commercial appeal of the de-shedding tools stemmed primarily from Spectrum Brands' trademarks, not from the artworks on the packaging. The use of the copyrighted works to mimic the FURMINATOR packaging certainly facilitated the counterfeiting, so some additional award of statutory damages is appropriate. But the award of an additional $240,000 for copyright damages would produce total a damages award that seems excessive in light of the estimate of the number of counterfeit products sold. The court recognizes that full information about sales by I&J Apparel is unavailable. But there is no information that would suggest that I&J Apparel is a large-scale operation that would warrant damages of nearly half a million dollars as Spectrum Brands requests.

In sum, the court awards statutory damages of $200,000 for trademark infringement and $80,000 for copyright infringement, for a total statutory damage award of $280,000.

E. **Attorney fees and costs**

Under the Copyright Act, a district court may award reasonable attorney fees and costs to the prevailing party. 17 U.S.C. § 505. The Lanham Act similarly allows a district court to award costs, but allows the court to grant attorney fees only in "exceptional" cases. 15 U.S.C.

§ 1117(a). When a defendant's trademark infringement is willful, the court may award reasonable attorney fees. *See Microsoft Corp.*, 2001 WL 58950, at *12. Thus, the court may award reasonable attorney fees and costs here under either statute.

Spectrum Brands requests for attorney fees in the amount of $20,078.35 and costs in the amount of $1,379.10. Dkt. 15, ¶ 8. The court will award these amounts. The number of hours spent litigating this case is reasonable. In addition to preparing the complaint and related documents, and a substantial filing in support of the motion for default judgment, Spectrum Brands' counsel had to investigate various online stores where the counterfeit products were sold and track down I&J Apparel's agents, who turned out to be elusive. The rates are reasonable as well. As a report from the American Intellectual Property Law Association shows, the rates for intellectual property attorneys in this region, labeled "Other Central," range from $275 to $558, Dkt. 15-3, at 8, and the attorney rates here are within (and in one case slightly below) that range. The requested costs of $1,379.10 are reasonable as well.

**F. Other matters**

Spectrum Brands asked for "[a]n Order that Plaintiff be allowed to conduct post-judgment discovery, including third-party discovery, directed to Defendant's bank accounts and other assets." Dkt. 13-1, ¶ 7. Such an order is unnecessary. Federal Rule of Civil Procedure 69 allows post-judgment discovery in aid of the execution of a judgment. *See also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3014 (2014). In the absence of any showing that a party is opposing discovery, an order requiring a party to produce any material is "premature." *Braunstein v. Pickens*, 274 F.R.D. 568, 572 (D.S.C. 2011). Spectrum Brands can engage in discovery without the court's specific authorization. The court expects Spectrum Brands to confer with the opposing parties to resolve discovery matters before

seeking the court's help, but Spectrum Brands should not delay in seeking the court's assistance if it is needed.

CONCLUSION

Spectrum Brands is entitled to default judgment against I&J Apparel. The court will permanently enjoin I&J Apparel from infringing Spectrum Brands' trademarks and copyrights, grant damages in the amount of $280,000 ($200,000 for trademark infringement and $80,000 for copyright infringement), and award attorney fees in the amount of $20,078.35 and costs in the amount of $1,379.10. The court will dismiss the Doe defendants. No claim remains, so the court will direct the clerk of court to close the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Spectrum Brands, Inc.'s motion for default judgment, Dkt. 13, is GRANTED in part and DENIED in part consistent with this opinion.

2. Defendants John Does 1 - 10 are DISMISSED without prejudice.

3. Defendant I&J Apparel, LLC, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through defendant I&J Apparel, LLC, are enjoined from infringing or inducing infringement of plaintiff's copyrights, pursuant to 17 U.S.C. § 502.

4. Defendant I&J Apparel, LLC, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through defendant I&J Apparel, LLC, are enjoined from infringing or inducing infringement of plaintiff's trademarks, pursuant to 15 U.S.C. § 1116.

5. Plaintiff is awarded statutory damages in the amount of $200,000 for defendant I&J Apparel, LLC's willful infringement of plaintiff's trademarks.

6. Plaintiff is awarded statutory damages in the amount of $80,000 for defendant I&J Apparel, LLC's willful infringement of plaintiff's copyrights.

7. Plaintiff is awarded attorney fees in the amount of $20,078.35 and costs in the amount of $1,379.10.

8. The clerk of court is directed to enter judgment in favor of plaintiff and close the case.

Entered May 25, 2017.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge